# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RODRIGO LEON-CASTILLO, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:18-CR-0352-MLB-RGV-16 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:20-CV-4862-MLB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Rodrigo Leon-Castillo's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 331], and the government's response, [Doc. 342]. For the reasons that follow, it is **RECOMMENDED** that Leon-Castillo's § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

On September 4, 2018, a federal grand jury in the Northern District of Georgia returned a twenty-seven count indictment against Leon-Castillo and nineteen co-defendants, charging Leon-Castillo in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; in Counts Two through Twenty-Six with wire fraud, in violation of 18 U.S.C. § 1343; and in Count

Twenty-Seven with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. [Doc. 1]. Approximately one year later on September 17, 2019, the government also charged Leon-Castillo via a criminal information with illegal re-entry, in violation of 18 U.S.C. §§ 1326(a) and (b)(2). United States v. Leon-Castillo, No. 1:19-CR-0349-MLB-RGV (N.D. Ga. Sept. 17, 2019), at [Doc. 1]. On that same day, Leon-Castillo, represented by court-appointed counsel Dennis Craig O'Brien, pled guilty both to Count One of the indictment and to the information, pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining twenty-six counts of the indictment and to recommend a sentence reduction for acceptance of responsibility and that the sentences imposed in both cases run concurrently with each other. [Doc. 193 at 1, 5-6, 11]. The parties also agreed that they reserved "the right to make recommendations regarding application of the Sentencing Guidelines" and that there were "no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed." [Id. at 7]. The plea agreement further provided that Leon-Castillo understood that the Court was required to consider the Sentencing Guidelines but had the discretion to depart from those Guidelines and could impose sentences up to the twenty-year statutory maximums for each conviction, that no one could "predict his exact sentences at this time," that the Court was not bound

by the parties' sentencing recommendations, and that he could not withdraw his guilty plea if the Court failed to accept one or more of those recommendations. [Id. at 3-4, 14]. The plea agreement also included an appeal waiver provision, which provided that Leon-Castillo:

> voluntarily and expressly waives the right to appeal his convictions and sentences and the right to collaterally attack his convictions and sentences in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Leon-Castillo] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court. Claims that [Leon-Castillo's] counsel rendered ineffective assistance are excepted from this waiver.

[Id. at 14-15]. Leon-Castillo signed the plea agreement and a separate certification section, which stated, in relevant part:

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I have also discussed with my attorney the rights I may have to appeal or challenge my convictions and sentences, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my convictions and sentences in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. . . I am fully satisfied with the representation provided to me by my attorney in this case.

[Id. at 16-17].

At the plea hearing, Leon-Castillo was placed under oath and affirmed that he understood the rights he was giving up by pleading guilty. [Doc. 273 at 7, 9-13, 25-26]. Leon-Castillo also acknowledged that he understood the charges to which he was pleading guilty. [Id. at 15-16]. Leon-Castillo agreed with the prosecutor's description of what the evidence would show if the case went to trial and admitted that he was guilty. [Id. at 16-22]. Leon-Castillo understood that he faced a possible maximum sentence of twenty years of imprisonment for each conviction, that the Court would decide what sentence to impose, that whatever the government or his attorney may have told him regarding his sentence was not binding on the Court, and that he could not withdraw his plea if his sentence was more than he expected. [Id. at 22-25]. Leon-Castillo also understood that the Court would consider the Sentencing Guidelines but was free to impose a sentence outside of the advisory guidelines range up to the twenty-year statutory maximum on each count and that the Court was not bound by the sentencing recommendations set forth in the plea agreement. [Id. at 28-30]. Leon-Castillo confirmed that he had signed the plea agreement and the separate certification section and understood that the Court was not bound by the recommendation to impose concurrent sentences. [Id. at 29-31].

The Court then reviewed the terms of the appeal waiver provision of the plea agreement, and Leon-Castillo confirmed that he understood the waiver. [Id. at 31].

Leon-Castillo also confirmed that no one had promised him anything other than the terms of the plea agreement, that no one had threatened, pressured, or intimidated him to plead guilty, that he was satisfied with his attorney's representation, and that he had enough time to talk with his attorney before entering his plea. [Id. at 31-32]. Leon-Castillo acknowledged that he was pleading guilty freely and voluntarily and that he was, in fact, guilty. [Id. at 33]. The Court accepted Leon-Castillo's plea, finding that he was "fully competent and capable of entering a plea, that he [was] aware of the charges and the consequences of the plea" and that "his plea [was] knowing and voluntary, intelligently made and on the advice of competent counsel." [Id. at 33-34].

At sentencing, the government opposed the probation officer's recommendation for a four-level reduction for Leon-Castillo's role in the offense. [Doc. 274 at 6-10]. Defense counsel argued that Leon-Castillo should receive the minor role reduction. [Id. at 10-16]. The Court, however, agreed with the government, denied the minor role reduction, and determined that Leon-Castillo's final guidelines range was fifty-one to sixty-three months of imprisonment. [Id. at 16-18]. The Court sentenced Leon-Castillo at the bottom of that range to fifty-one months of imprisonment on each conviction, to run concurrently. [Id. at 28; Doc. 226]. Leon-Castillo filed a direct appeal, [Doc. 243], which the United States Court

Appeals for the Eleventh Circuit dismissed based on his valid appeal waiver, [Doc. 307].

Leon-Castillo timely filed this pro se § 2255 motion, arguing that his attorney provided him ineffective assistance by advising him to accept a plea deal "without the protection of appellate rights" that neither he nor the attorney understood, as the guidelines range found by the Court was higher than the range calculated by Leon-Castillo, his attorney, and the probation officer and by failing to object to the Court's guideline calculation. [Doc. 331-1 at 3-5]. The government responds that Leon-Castillo has failed to show deficient performance by counsel or prejudice. [Doc. 342 at 8-17].

## II. DISCUSSION

**A.  Legal Standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An

6

evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Counsel is required to provide defendant sufficient information to make an informed and knowing decision to plead guilty, including "all of the information counsel had (and reasonably should have had)" and must offer defendant "reasonable advice" based on that information. Davidson v. United States, 138 F. App'x 238, 240 (11th Cir. 2005) (per curiam). Leon-Castillo has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000). Additionally,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

**B.     Counsel's Assistance Regarding Plea and at Sentencing**

8

Leon-Castillo argues that his plea was involuntary and the result of ineffective assistance because neither he nor his attorney understood that he would not receive a minor role reduction and that counsel was also ineffective for failing to object to the Court's denial of the reduction. [Doc. 331-1 at 3-5]. Leon-Castillo's challenge to the validity of his plea is belied by the record. The plea agreement, which Leon-Castillo signed, provided that the parties reserved "the right to make recommendations regarding application of the Sentencing Guidelines" and that there were "no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed." [Doc. 193 at 7, 16; Doc. 273 at 29]. That agreement also stated that Leon-Castillo understood that the Court had the discretion to depart from the Sentencing Guidelines and could impose sentences up to the twenty-year statutory maximums for each conviction, that no one could "predict his exact sentences at this time," that the Court was not bound by the parties' sentencing recommendations, and that he could not withdraw his guilty plea if the Court failed to accept one or more of those recommendations. [Doc. 193 at 3-4, 14]. The separate certification section of the plea agreement, which Leon-Castillo also signed, provided that that no one had threatened or forced him to plead guilty or made any promises or inducements other than those discussed in the agreement, which he had read, carefully reviewed with his attorney,

and understood, and that was satisfied with his attorney's representation. [Id. at 17; Doc. 273 at 30]. "A defendant is not at liberty to ignore the documents she signs . . ." Kealy v. United States, 722 F. App'x 938, 946 (11th Cir. 2018) (per curiam).

Furthermore, at the plea hearing, Leon-Castillo affirmed that he understood that whatever the government or his attorney may have told him regarding his sentence was not binding on the Court and that he could not withdraw his plea if his sentence was more than he expected. [Doc. 273 at 24-25]. Leon-Castillo also understood that the Court was free to impose a sentence outside of the advisory guidelines range up to the twenty-year statutory maximum on each count and was not bound by the sentencing recommendations set forth in the plea agreement. [Id. at 29]. Leon-Castillo further confirmed that no one had promised him anything other than the terms of the plea agreement, that no one had threatened, pressured, or intimidated him to plead guilty, that he was satisfied with his attorney's representation, and that he had enough time to talk with his attorney before entering his plea. [Id. at 31-32].

Leon-Castillo has not met his "heavy burden" to show that the statements he made during his plea colloquy were false, and his after-the-fact assertion that he and his attorney mistakenly believed that he would receive a minor role reduction

is insufficient to rebut the presumption that those statements were true and correct. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam). See also United States v. Cardenas, 230 F. App'x 933, 935 (11th Cir. 2007) (holding that defendant did not overcome the presumption that "his sworn statements made during the plea colloquy-including that no one had predicted what sentence he would receive-were" true simply because he claimed his counsel promised "him that he would receive a sentence shorter than the sentence ultimately imposed by the district court"). Therefore, Leon-Castillo has not shown deficient performance by counsel and has also failed to prove prejudice because he has not alleged that, but for counsel's allegedly misleading advice, he would not have pled guilty and would have insisted on going to trial.

Leon-Castillo also fails to show that counsel provided him ineffective assistance at sentencing. Counsel vehemently opposed the government's objection to the minor role reduction. [Doc. 274 at 10-16]. Leon-Castillo does not allege what more counsel could have done that likely would have resulted in the application of that reduction and a lower sentence. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000). Therefore, Leon-Castillo is not entitled to relief.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Based on the foregoing discussion of Leon-Castillo's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Leon-Castillo's § 2255 motion, [Doc. 331], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 31st day of March, 2021.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE